RECEIPT # 74765
AMOUNT $ 350
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. pew
DATE 9-5-06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AKAMAI TECHNOLOGIES, INC., and )
MASSACHUSETTS INSTITUTE OF )
TECHNOLOGY, )
)
Plaintiffs, )
)
vs. )
)
)
)
LIMELIGHT NETWORKS, INC., )
)
)
Defendant. )

CASE NO:

**06 CA 11585 RWZ**
MAGISTRATE JUDGE JLA

Related Case:
Civil Action No. 06 CA 11109 RWZ

**JURY TRIAL DEMANDED**

# COMPLAINT

## NATURE OF THE ACTION

1. This is a patent infringement action brought by plaintiffs Akamai Technologies, Inc. ("Akamai") and Massachusetts Institute of Technology ("MIT") against defendant Limelight Networks, Inc. ("Limelight").

## PARTIES

2. Akamai is a Delaware corporation. Its principal place of business is located in Cambridge, Massachusetts.

3. MIT is a world-renowned educational institution located in Cambridge, Massachusetts.

4115767v1

4. Upon information and belief, Limelight is a Delaware corporation whose principal place of business is located in Tempe, Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction with respect to this action under 28 U.S.C. §§ 1331, 1338 because it arises under the patent laws of the United States, 35 U.S.C.

6. This Court has personal jurisdiction over Limelight because this action arises from (a) Limelight's infringing activity in Massachusetts, and (b) Limelight's causing injury in Massachusetts by reason of its infringing activity outside Massachusetts and because Limelight does or solicits business in Massachusetts or derives substantial revenue from the sale of services rendered in Massachusetts.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PATENTS

8. On September 5, 2006, U.S. Patent No. 7,103,645 (the "'645 patent") was duly and legally issued to MIT as the assignee of all the right, title, and interest in and to the patent. A copy of the '645 patent is attached as Exhibit A to this Complaint.

9. Akamai is the exclusive licensee of the '645 patent.

## CLAIMS FOR RELIEF

### COUNT ONE
### Infringement of the '645 Patent

10. Plaintiffs reallege, and incorporate herein by reference, the allegations of paragraphs 1 through 9 of this Complaint, as if fully set forth herein.

11. Limelight is infringing, and will continue to infringe, the '645 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, or selling within

the District of Massachusetts, and elsewhere in the United States, one or more of the inventions claimed in the '645 patent.

12. On information and belief, Limelight actively is inducing, and will continue to induce, others to infringe the '645 patent.

13. Limelight is on notice of the '645 patent as of the filing of this complaint. Limelight's infringement of the '645 patent is, and will continue to be, willful and with full knowledge of the '645 patent and of its infringement. Limelight's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

14. Limelight's infringing conduct is causing, and, unless enjoined, will continue to cause, substantial and irreparable injury and damage to the plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request:

A. That the Court determine that Limelight is infringing one or more claims of the '645 patent;

B. That, after hearing, the Court enter a preliminary injunction, ordering Limelight, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them, to refrain from conduct that infringes the '645 patent;

C. That, after trial, the Court enter a permanent injunction, ordering Limelight, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them, to refrain from conduct that infringes the '645 patent;

D. That the Court determine the amount of the damage to the plaintiffs caused by Limelight's infringement and enter judgment for the plaintiffs in that amount, plus interests and costs;

E. That the Court determine that Limelight's infringement is willful and deliberate, and award up to treble damages to the plaintiffs pursuant to 35 U.S.C. § 284;

F. That the Court determine that this case is exceptional, within the meaning of 35 U.S.C. § 285, and order Limelight to pay plaintiffs' reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G. That the Court grant such other and further relief as it deems appropriate in the circumstances.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial on all issues triable of right by a jury.

Dated: September 5, 2006

Respectfully submitted,

By: /s/ Robert S. Frank, Jr.
Robert S. Frank, Jr. (BBO #177240)
Sarah Chapin Columbia (BBO # 550155)
Carlos Perez-Albuerne (BBO# 640446)
Richard C. Abati (BBO # 651037)
G. Mark Edgarton (BBO #657593)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Ph: (617) 248-5000
Fax (617) 248-4000

4